FINAL REPORT[1]

*Revision to the Comment to Pa.R.Crim.P. 500*

AVAILABILITY OF THE ELDERLY TO TESTIFY

On August 31, 2016, effective October 1, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court approved the revision of the *Comment* to Rule of Criminal Procedure 500 (Preservation of Testimony after Institution of Criminal Proceedings) to clarify that the Rule 500 procedures were available in circumstances where a witness is elderly, frail or demonstrating symptoms of mental infirmity or dementia.

In April 2013, the Court created the Elder Law Task Force to study the issues of access to justice being faced by older Pennsylvanians. In November 2014, the Task Force issued a report with a number of recommendations intended to enhance the way Pennsylvania elders interact with the state court system and are protected in cases involving abuse, neglect, guardianship, conservatorship and other matters.[2] Based on the recommendation of the Task Force, the Court established an Office of Elder Justice in the Courts to implement many of the recommendations in the report as well as an Advisory Council on Elder Justice in the Courts to serve as the judiciary's liaison to the executive and legislative branches. In addition, in May 2015, the Court directed the Committee to consider the recommendations of the Elder Law Task Force that related to criminal procedure.

One of the Task Force's recommendations related to criminal procedural issues is the suggestion that the *Comment* to Pa.R.Crim.P. 500 (Preservation of Testimony) be revised "to help ensure the testimony of elder victims and witnesses in criminal cases

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.
[2] *See Elder Law Task Force Report,* http://www.pacourts.us/courts/supreme-court/committees/supreme-court-boards/elder-law-task-force.

can be preserved."[3]  Rule 500 provides procedures for the pre-trial preservation of testimony of those witnesses who may be unavailable to testify for trial or other proceedings or where, due to exceptional circumstances, it is in the interests of justice to preserve the witness' testimony.  Consistent with the Task Force's recommendation, the Advisory Council suggested to the Court that the Rule 500 *Comment* be revised to further define the phrase "exceptional circumstances" to include the circumstances where the victim is an elder, is frail, or demonstrates the symptoms of mental infirmity or dementia, creating the risk that they will not be able to testify in the future.

The Committee considered that the language of the *Comment* already is broad enough to cover the situation where a victim/witness would be unavailable to testify due to age-related incapacity such as frailty or dementia.  However, the Committee concluded that it would be helpful to explicitly state in the *Comment* that these conditions are contemplated by the rule.  Therefore, the language of the third paragraph of the *Comment* has been revised as follows:

> "May be unavailable," as used in paragraph (A), is intended to include situations in which the court has reason to believe that the witness will be unable to be present or to testify at trial or other proceedings, such as when the witness is dying, or will be out of the jurisdiction and therefore cannot be effectively served with a subpoena, **or is elderly, frail or demonstrating symptoms of mental infirmity or dementia**, or may become incompetent to testify for any **other** legally sufficient reason.

The revision also adds the word "other" before "legally sufficient reason" to the final phrase of the paragraph since mental infirmity and dementia are also "legally sufficient reasons" for determining unavailability.

---

[3] *See* Recommendation 36, *Elder Law Task Force Report*, page 236.